GLORIA JEAN ALLEN *v.* ROBERT HILL

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 516

Argued May 21—decided June 29, 1979

*Christine E. Keller,* for the appellant (defendant).

*Paul J. Bakulski,* assistant attorney general, for the appellee (state).

PER CURIAM. In this paternity action the defendant was found by the trial court to be the father of the child born to the plaintiff, who was fourteen years old at the time of trial. Because of the plain-

tiff's youth her mother, the grandmother of the child, provided for its care, as well as that of the plaintiff and another minor child. The trial court included in the judgment a sum representing the defendant's share of the support of the grandmother as caretaker of the child. Only this portion of the judgment is challenged in this appeal.

Initially, the defendant contended that as the father of the child he would be liable for its support but not for the support of the caretaker of the child. The same claim was rejected in *Faraday* v. *Dube,* 175 Conn. 438, 399 A.2d 1262 (1978), where it was concluded that the imposition of liability on the father for the support of both the child and its caretaker was justified under General Statutes § 52-442 if the welfare of the child is potentially endangered by the caretaker's inability to support herself. The defendant now attempts to distinguish *Faraday* upon the ground that in that case the caretaker was the mother of the child while here the grandmother was acting in that capacity. We perceive no significance in this circumstance, however. The basis for the father's liability is not the blood relationship of the caretaker to the child but the services performed for the benefit of the child which are an essential part of its support.

The defendant also argues that the imposition upon him of liability for support of the grandmother as caretaker has unjustly enriched the state, which previously had furnished her entire support as a welfare recipient. It appears that prior to the birth of the child the state provided welfare assistance for the grandmother and for her two minor children, one of whom was the plaintiff. After the defendant's child was born, an additional sum was paid for its support, but the amount allocated to the support of the grandmother remained unchanged. The effect of the judgment was to

require the defendant to reimburse the state for one-third of the amount paid for her support. This allocation was based upon the fact that the grandmother had three minor children in her care, the defendant's child, the plaintiff, and another child of the grandmother. The state, therefore, has been "enriched" in the sense that the defendant now must bear one-third of the cost of supporting the grandmother, an obligation which the state previously had assumed in its entirety. We see nothing "unjust" in this arrangement. If the father of the first two minor children had been bearing the entire expense of supporting the grandmother as their caretaker, fairness would require the father of any other child whom circumstances brought under her care to share this burden. The state's claim for reimbursement should not be viewed in any different light.

There is no error.

A. HEALEY, PARSKEY and D. SHEA, Js., participated in this decision.